**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTINA HERNANDEZ, an individual, appearing individually and on behalf of all others similarly situated,<br><br>       Plaintiff-Appellee,<br><br>v.<br><br>DMSI STAFFING, LLC; ROSS STORES, INC.,<br><br>       Defendants-Appellants. | No.   15-15366<br><br>D.C. No. 3:14-cv-01531-EMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted February 13, 2017[**]
San Francisco, California

Before: BERZON and CLIFTON, Circuit Judges, and LASNIK,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Defendants DMSI Staffing, LLC and Ross Stores, Inc. appeal the district court's order denying their motion to compel arbitration of Martina Hernandez's representative California Labor Code Private Attorney General Act ("PAGA") claim. The Defendants argue Hernandez is bound by her agreement with her employers to arbitrate all disputes regarding her employment on an individual basis.

Under California law, "an employment agreement [that] compels the waiver of representative claims under the PAGA, [] is contrary to public policy and unenforceable." *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 384 (2014). The *Iskanian* rule is not preempted by the Federal Arbitration Act ("FAA"). *Sakkab v. Luxottica Retail North America, Inc.*, 803 F.3d 425, 427 (9th Cir. 2015) ("[T]he *Iskanian* rule does not stand as an obstacle to the accomplishment of the FAA's objectives, and is not preempted."); *see also Mohamed v. Uber Technologies, Inc.*, No. 15-16178, 2016 WL 7470557, at *7 (9th Cir. Sept. 7, 2016). Accordingly, we affirm the district court's denial of Defendants' motion to compel individual arbitration of Hernandez's PAGA claim.

**AFFIRMED.**